

EXHIBIT 2

# DISTRICT CLERK RECORDS SEARCH

Logout

Records Request

New Search

Back

**D-1-GN-14-001121 - DONAHUE V. TOKYO ELECTRON (Court 419)**

Summary | Events | Parties | Documents

Note: Documents may take a few minutes to load, do not press the refresh or back button

Available Document Images

Drag a column header here to group by that column

| File Date | Document Type | Pages | View |
|---|---|---|---|
| 04/11/2014 | ORIGINAL PETITION/APPLICATION | 8 | |
| 04/29/2014 | EXE SERVICE OF CITATION | 2 | |
| 04/29/2014 | EXE SERVICE OF CITATION | 2 | |
| 05/16/2014 | ORIGINAL ANSWER | 3 | |

4/17/2014 10:03:54 AM
**Amalia Rodriguez-Mendoza**
**District Clerk**
**Travis County**
**D-1-GN-14-001121**

CAUSE NO. _D-1-GN-14-001121_

| | | |
|---|---|---|
| TIMOTHY DONAHUE, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | 419TH _____ JUDICIAL DISTRICT |
| TOKYO ELECTRON AMERICA, INC., | § | |
| TOKYO ELECTRON US HOLDINGS, INC., | § | |
| Defendants. | § | TRAVIS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, TIMOTHY DONAHUE, and files this Original Petition complaining of Defendants TOKYO ELECTRON AMERICA, INC. and TOKYO ELECTRON US HOLDINGS, INC. (hereinafter sometimes collectively referred to as "Tokyo Electron" or "Defendants"), and for cause of action would show the Court the following:

**I.**

### DISCOVERY

1.1     Plaintiff intends to conduct discovery under Rule 190.4 (Level 3) of the Texas Rules of Civil Procedure.

**II.**

### THE PARTIES

2.1     Plaintiff is an individual who can be contacted through counsel.

2.2     Defendant TOKYO ELECTRON AMERICA, INC. is an entity that may be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

2.3     Defendant TOKYO ELECTRON US HOLDINGS, INC. is an entity that may be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

### III.

### JURISDICTION, VENUE AND CONDITION PRECEDENT

3.1     The amount in controversy exceeds the jurisdictional minimum amount in controversy for this Court. Plaintiff seeks monetary relief over $1,000,000.

3.2     Pursuant to *Texas Civil Practice and Remedies Code* §15.002, venue is proper in Travis County, Texas, as it is the county in which a substantial part of the events or omissions giving rise to these claims occurred.

3.3     All conditions precedent have been performed or have occurred.

### IV.

### FACTS

4.1     Timothy Donahue worked for Tokyo Electron for over 17 years. He was an excellent employee who performed his job duties extremely well. His most recent performance review from 2012 indicates that he either met or exceeded all expectations of him, as had always been the case during his over 17 years of employment.

4.2     On several occasions Mr. Donahue's former supervisor, Katy Frerich, would make fun of Mr. Donahue's gray hair and beard and state that the way he dressed was not "hip." There are numerous witnesses to these statements. Ms. Frerich is in her early 30s. All of Mr. Donahue's similarly situated co-workers were much younger than him as well.

4.3     Even though it is company policy to first deal with performance problems either in the performance review or with an Employee Counseling Record, Ms. Frerich issued a Performance Improvement Plan ("PIP") for Mr. Donahue without any warning whatsoever. This failure to follow company policy is additional evidence of discrimination.

4.4.     Starting in the fall of 2012, Ms. Frerich started excluding Mr. Donahue from the type of work he had performed for years with great success and commendation. In fact, Ms. Frerich herself had commended the quality of his work and his professionalism on his 2012 review. Not coincidentally, her exclusion of Mr. Donahue coincided with her hiring two contractors in their mid-twenties. She then placed him on the PIP which was obviously just used as a weak excuse to later fire him since Mr. Donahue's performance had been so exemplary throughout his employment.

4.5     Mr. Donahue was wrongfully terminated in June, 2013. The reasons given for Mr. Donahue's termination were false and are a pretext to cover up unlawful discrimination at the company.

## V.

## CAUSES OF ACTION

5.1     The allegations contained in Paragraphs 4.1 through 4.5 inclusive are hereby incorporated by reference for all causes of action.

### Age Discrimination under the Texas Labor Code

5.2     The conduct of Defendants Tokyo Electron towards Plaintiff, through its agents, employees, managers, and supervisors, as set forth above, among other activities, constitutes age discrimination in direct violation of §21.001, *et. seq.*, Labor Code, Vernon's Texas Codes Annotated, which states, in pertinent part, that:

"An employer commits an unlawful employment practice if ... the employer ... discriminates against an individual ... or ... classifies an employee ... in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any manner the status of an employee."

5.3    Plaintiff was selected for unfavorable treatment by Defendants, including his termination, because of his age. There is no legitimate non-discriminatory reason for Defendants' actions, and if such a reason is propounded, it is a pretext. Plaintiff's age was a determining or motivating factor in Defendants' decision to terminate Plaintiff's employment and otherwise discriminate against him. Unlawful discrimination moved Defendants toward its decision or was a factor that played a part in Defendants' employment decisions as to Plaintiff. The unlawful practices committed by Defendants were and are a direct cause of Plaintiff's damages, as more fully set forth below.

### Liability Under Texas Tax Code

5.4    Section 171.255 of the Texas Tax Code provides that officers and directors are individually liable for corporate debts created or incurred in Texas after the date on which a report or tax is due. At the time Plaintiff was terminated and intentionally discriminated against, Tokyo Electron had forfeited its privileges to conduct business in this State and had failed to timely file required reports and/or pay taxes due. As such, all individual officers and/or directors of Tokyo Electron at the time, are individually liable for Plaintiff's damages.

### VI.

### DAMAGES

6.1    As a result of Defendants' unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages or back pay, interest on back pay and front pay, future wages or front pay, employment benefits in the past and future, lost earnings in the

4

past and future, and all lost benefits under the contract or employment relationship. Alternatively, Plaintiff seeks reinstatement in his former position. In the event reinstatement is not feasible, Plaintiff seeks front pay.

## VII.

## COMPENSATORY DAMAGES

7.1     Defendants have intentionally engaged in an unlawful employment practice by discriminating against Plaintiff because of his age. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, injury to credit standing, job search expenses, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## VIII.

## ATTORNEYS' FEES AND EXPERT FEES

8.1     A prevailing party may recover reasonable attorneys' fees, expert fees, and costs. Plaintiff bring suit for these fees from Defendants. Plaintiff seeks all reasonable expert fees and attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal work, any appeal to a court of appeals or supreme court, and post-judgment discovery and collection in the event execution on the judgment is necessary.

## IX.

## PUNITIVE DAMAGES

9.1     Defendants have acted with malice or reckless indifference to Plaintiff's rights. Defendants, by engaging in the aforementioned acts and/or in authorizing and/or ratifying the aforementioned

acts, engaged in willful, malicious, intentional, and oppressive conduct and acted with willful and conscious disregard, or alternatively reckless disregard or indifference of the rights, welfare, and safety of Plaintiff, therefore justifying the award of punitive and exemplary damages in an amount to be determined at trial.  Therefore, Plaintiff additionally brings suit for punitive damages and exemplary damages.

<div align="center">

**PRAYER FOR RELIEF**

</div>

WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that Defendants be cited to appear and answer herein, and, upon final trial, Plaintiffs have Judgment against Defendants as requested above, and as follows:

1.   Judgment against Defendants for all damages alleged in this petition;

2.   Alternatively, reinstatement in his former position;

3.   Interest before and after judgment at the highest rate provided by law, until paid;

4.   Costs of suit;

5.   Reasonable and necessary attorneys' fees and expert witness fees;

6.   Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

MELTON & KUMLER, L.L.P.
2705 Bee Cave Road, Suite 220
Austin, Texas 78746
(512) 330-0017 Telephone
(512) 330-0067 Facsimile


/s/ John F. Melton
John F. Melton
State Bar No. 24013155
ATTORNEYS FOR PLAINTIFF

<div align="center">

6

</div>

4/17/2014 10:03:54 AM
**Amalia Rodriguez-Mendoza**
**District Clerk**
**Travis County**
**D-1-GN-14-001121**

CAUSE NO. _D-1-GN-14-001121_

| | | |
|---|---|---|
| TIMOTHY DONAHUE, | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | 419TH |
| TOKYO ELECTRON AMERICA, INC., | § | _____ JUDICIAL DISTRICT |
| TOKYO ELECTRON US HOLDINGS, INC., | § | |
|     Defendants. | § | TRAVIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, TIMOTHY DONAHUE, and files this Original Petition complaining of Defendants TOKYO ELECTRON AMERICA, INC. and TOKYO ELECTRON US HOLDINGS, INC. (hereinafter sometimes collectively referred to as "Tokyo Electron" or "Defendants"), and for cause of action would show the Court the following:

### I.

### DISCOVERY

1.1     Plaintiff intends to conduct discovery under Rule 190.4 (Level 3) of the Texas Rules of Civil Procedure.

### II.

### THE PARTIES

2.1     Plaintiff is an individual who can be contacted through counsel.

2.2     Defendant TOKYO ELECTRON AMERICA, INC. is an entity that may be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

2.3    Defendant TOKYO ELECTRON US HOLDINGS, INC. is an entity that may be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

## III.

## JURISDICTION, VENUE AND CONDITION PRECEDENT

3.1    The amount in controversy exceeds the jurisdictional minimum amount in controversy for this Court. Plaintiff seeks monetary relief over $1,000,000.

3.2    Pursuant to *Texas Civil Practice and Remedies Code* §15.002, venue is proper in Travis County, Texas, as it is the county in which a substantial part of the events or omissions giving rise to these claims occurred.

3.3    All conditions precedent have been performed or have occurred.

## IV.

## FACTS

4.1    Timothy Donahue worked for Tokyo Electron for over 17 years. He was an excellent employee who performed his job duties extremely well. His most recent performance review from 2012 indicates that he either met or exceeded all expectations of him, as had always been the case during his over 17 years of employment.

4.2    On several occasions Mr. Donahue's former supervisor, Katy Frerich, would make fun of Mr. Donahue's gray hair and beard and state that the way he dressed was not "hip." There are numerous witnesses to these statements. Ms. Frerich is in her early 30s. All of Mr. Donahue's similarly situated co-workers were much younger than him as well.

4.3    Even though it is company policy to first deal with performance problems either in the performance review or with an Employee Counseling Record, Ms. Frerich issued a Performance Improvement Plan ("PIP") for Mr. Donahue without any warning whatsoever. This failure to follow company policy is additional evidence of discrimination.

4.4.    Starting in the fall of 2012, Ms. Frerich started excluding Mr. Donahue from the type of work he had performed for years with great success and commendation. In fact, Ms. Frerich herself had commended the quality of his work and his professionalism on his 2012 review. Not coincidentally, her exclusion of Mr. Donahue coincided with her hiring two contractors in their mid-twenties. She then placed him on the PIP which was obviously just used as a weak excuse to later fire him since Mr. Donahue's performance had been so exemplary throughout his employment.

4.5    Mr. Donahue was wrongfully terminated in June, 2013. The reasons given for Mr. Donahue's termination were false and are a pretext to cover up unlawful discrimination at the company.

## V.

## CAUSES OF ACTION

5.1    The allegations contained in Paragraphs 4.1 through 4.5 inclusive are hereby incorporated by reference for all causes of action.

### Age Discrimination under the Texas Labor Code

5.2    The conduct of Defendants Tokyo Electron towards Plaintiff, through its agents, employees, managers, and supervisors, as set forth above, among other activities, constitutes age discrimination in direct violation of §21.001, *et. seq.*, Labor Code, Vernon's Texas Codes Annotated, which states, in pertinent part, that:

3

"An employer commits an unlawful employment practice if ... the employer ... discriminates against an individual ... or ... classifies an employee ... in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any manner the status of an employee."

5.3   Plaintiff was selected for unfavorable treatment by Defendants, including his termination, because of his age. There is no legitimate non-discriminatory reason for Defendants' actions, and if such a reason is propounded, it is a pretext. Plaintiff's age was a determining or motivating factor in Defendants' decision to terminate Plaintiff's employment and otherwise discriminate against him. Unlawful discrimination moved Defendants toward its decision or was a factor that played a part in Defendants' employment decisions as to Plaintiff. The unlawful practices committed by Defendants were and are a direct cause of Plaintiff's damages, as more fully set forth below.

### Liability Under Texas Tax Code

5.4   Section 171.255 of the Texas Tax Code provides that officers and directors are individually liable for corporate debts created or incurred in Texas after the date on which a report or tax is due. At the time Plaintiff was terminated and intentionally discriminated against, Tokyo Electron had forfeited its privileges to conduct business in this State and had failed to timely file required reports and/or pay taxes due. As such, all individual officers and/or directors of Tokyo Electron at the time, are individually liable for Plaintiff's damages.

### VI.

### DAMAGES

6.1   As a result of Defendants' unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages or back pay, interest on back pay and front pay, future wages or front pay, employment benefits in the past and future, lost earnings in the

4

past and future, and all lost benefits under the contract or employment relationship. Alternatively, Plaintiff seeks reinstatement in his former position. In the event reinstatement is not feasible, Plaintiff seeks front pay.

## VII.

## COMPENSATORY DAMAGES

7.1     Defendants have intentionally engaged in an unlawful employment practice by discriminating against Plaintiff because of his age. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, injury to credit standing, job search expenses, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## VIII.

## ATTORNEYS' FEES AND EXPERT FEES

8.1     A prevailing party may recover reasonable attorneys' fees, expert fees, and costs. Plaintiff bring suit for these fees from Defendants. Plaintiff seeks all reasonable expert fees and attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal work, any appeal to a court of appeals or supreme court, and post-judgment discovery and collection in the event execution on the judgment is necessary.

## IX.

## PUNITIVE DAMAGES

9.1     Defendants have acted with malice or reckless indifference to Plaintiff's rights. Defendants, by engaging in the aforementioned acts and/or in authorizing and/or ratifying the aforementioned

5

acts, engaged in willful, malicious, intentional, and oppressive conduct and acted with willful and conscious disregard, or alternatively reckless disregard or indifference of the rights, welfare, and safety of Plaintiff, therefore justifying the award of punitive and exemplary damages in an amount to be determined at trial.  Therefore, Plaintiff additionally brings suit for punitive damages and exemplary damages.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that Defendants be cited to appear and answer herein, and, upon final trial, Plaintiffs have Judgment against Defendants as requested above, and as follows:

1. Judgment against Defendants for all damages alleged in this petition;

2. Alternatively, reinstatement in his former position;

3. Interest before and after judgment at the highest rate provided by law, until paid;

4. Costs of suit;

5. Reasonable and necessary attorneys' fees and expert witness fees;

6. Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

MELTON & KUMLER, L.L.P.
2705 Bee Cave Road, Suite 220
Austin, Texas 78746
(512) 330-0017 Telephone
(512) 330-0067 Facsimile


/s/ John F. Melton
John F. Melton
State Bar No. 24013155
ATTORNEYS FOR PLAINTIFF

6

ORIGINAL

C I T A T I O N

T H E   S T A T E   O F   T E X A S

### CAUSE NO. D-1-GN-14-001121

TIMOTHY DONAHUE

vs.

TOKYO ELECTRON AMERICA, INC.' TOKYO ELECTRON US HOLDINGS, INC. , Plaintiff

*Filed in The District Court of Travis County, Texas*

*APR 28 2014*

*At _____ M.*
*Amalia Rodriguez-Mendoza, Clerk*

TO:   TOKYO ELECTRON AMERICA INC
      BY SERVING CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS
      INCORPORATING SERVICE COMPANY
      211 E. 7TH STREET #620
      AUSTIN, TEXAS 78701

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on APRIL 11TH, 2014 in the 419TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, April 23, 2014 ,

REQUESTED BY:
JOHN FOSTER MELTON
2705 BEE CAVE RD STE 220
AUSTIN, TX 78746-5685
BUSINESS PHONE: (512)330-0017   FAX: (512)330-0067

AMALIA RODRIGUEZ-MENDOZA
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: RUBEN TAMEZ

-- - -- - - -- - -- — — R E T U R N -- - - -- -- -- - - -- - --

Came to hand on the __23__ day of __April__ , __2014__ at __3:46__ o'clock __P.__ M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____ M.,

by delivering to the within named _____, each

in person, a true copy of this citation together with the PLAINTIFF'S ORIGINAL PETITION, LAWYER

REFERRAL accompanying pleading, having first attached such copy of such citation to such copy of

pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ __100.00__

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

_____
Sheriff / Constable / Authorized Person

By: **RETURN ATTACHED**

Printed Name of Server

**DRLS**
**516 West Annie St.**
County, Texas
**Austin, Texas 78704**

D-1-GN-14-001121

☐ Original     ☐ Service Copy

SERVICE FEE NOT PAID 8155-1

P01 - 000019523

ORIGINAL

**RETURN**

Cause No. __D-1-GN-14-001121__

Came to hand on the 23rd day of April, 2014, at 3:46 o'clock p.m.

<u>X</u>    Citation
<u>X</u>    Plaintiff's Original Petition
<u>X</u>    Lawyer Referral Info. Sheet
<u>X</u>    Civil Case Info. Sheet

Executed at ___211 E. 7th Street, Ste. 620, Austin, Texas 78701__, within the County of __Travis__, on the __25th__ day of __April__, 2014, at __12:08__ o'clock __p.__ m., by delivering to the within named, __TOKYO ELECTRON AMERICA INC, by delivering to its Registered Agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, by delivering in person to Sue Vertrees, employee designated to receive process for the registered agent, a true and correct copy of the above specified civil process, having first endorsed thereupon the date of delivery__. I am over eighteen (18) years of age and not a party to or interested in the outcome of the above numbered cause. I am authorized to serve citations and other notices in this cause by Texas Supreme Court Order #SCH1660, exp. 11/30/2014. The statements/facts herein contained are within my personal knowledge. This return is attached to original process or a true copy thereof. I declare under penalty of perjury that the foregoing is true and correct.

____Tod E. Pendergrass____
Printed Name of Process Server

Signature of Authorized Process Server
DRLS, 513 W. Annie, Austin, Tx. 78704
Re: Melton/8155-1

**VERIFICATION**
**STATE OF TEXAS, COUNTY OF TRAVIS**

Before me, a notary public, on this day personally appeared the above named person, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements/facts therein contained are within his/her personal knowledge to be true and correct. Given under my hand and seal of office on the 25th day of April, 2014.

STAR SALAZAR
NOTARY PUBLIC
State of Texas
Comm. Exp. 04-27-2015

____Star Salazar____
NOTARY PUBLIC in and for the State of TEXAS

ORIGINAL

C I T A T I O N

T H E   S T A T E   O F   T E X A S

## CAUSE NO. D-1-GN-14-001121

TIMOTHY DONAHUE

Plaintiff

vs.

TOKYO ELECTRON AMERICA, INC.' TOKYO ELECTRON US HOLDINGS, INC.

TO:   TOKYO ELECTRON US HOLDINGS INC
      BY SERVING CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS
      INCORPORATING SERVICE COMPANY
      211 E. 7TH STREET #620
      AUSTIN, TEXAS 78701

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on APRIL 11TH, 2014 in the 419TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, April 23, 2014 ,

REQUESTED BY:
JOHN FOSTER MELTON
2705 BEE CAVE RD STE 220
AUSTIN, TX 78746-5685
BUSINESS PHONE: (512)330-0017   FAX: (512)330-0067

AMALIA RODRIGUEZ-MENDOZA
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: RUBEN TAMEZ

- - - - - - - - - - - - - - **R E T U R N** - - - - - - - - - - - - - -

Came to hand on the __23__ day of __April__ , __2014__ at __3:46__ o'clock __P.__ M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock _____M.,

by delivering to the within named _____, each

in person, a true copy of this citation together with the PLAINTIFF'S ORIGINAL PETITION, LAWYER

REFERRAL accompanying pleading, having first attached such copy of such citation to such copy of

pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ __67.00__

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

_____
Sheriff / Constable / Authorized Person

By: **RETURN ATTACHED**

_____
Printed Name of Server

**DRLS**

516 West Annie St.

Austin, Texas 78704

_____ County, Texas

8155-2

D-1-GN-14-001121

☐ Original    ☐ Service Copy

SERVICE FEE NOT PAID

P01   000019524

**RETURN**                                          Cause No.   D-1-GN-14-001121

Came to hand on the 23rd day of April, 2014, at 3:46 o'clock p.m.

X   Citation
X   Plaintiff's Original Petition
X   Lawyer Referral Info. Sheet
X   Civil Case Info. Sheet

Executed at   211 E. 7th Street, Ste. 620, Austin, Texas 78701 , within the County of Travis , on the 25th  day of  April, 2014, at  12:08  o'clock  p.  m., by delivering to the within named,  TOKYO ELECTRON US HOLDINGS INC, by delivering to its Registered Agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, by delivering in person to Sue Vertrees, employee designated to receive process for the registered agent, a true and correct copy of the above specified civil process, having first endorsed thereupon the date of delivery.  I am over eighteen (18) years of age and not a party to or interested in the outcome of the above numbered cause.  I am authorized to serve citations and other notices in this cause by Texas Supreme Court Order #SCH1660, exp. 11/30/2014.  The statements/facts herein contained are within my personal knowledge.  This return is attached to original process or a true copy thereof.  I declare under penalty of perjury that the foregoing is true and correct.

_____Tod E. Pendergrass_____            _____
Printed Name of Process Server          Signature of Authorized Process Server
                                        DRLS, 516 W. Annie, Austin, Tx. 78704
                                        Re: Melton/8155-2

**VERIFICATION**
STATE OF TEXAS, COUNTY OF TRAVIS

Before me, a notary public, on this day personally appeared the above named person, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements/facts therein contained are within his/her personal knowledge to be true and correct.  Given under my hand and seal of office on the 25th day of April, 2014.

STAR SALAZAR
NOTARY PUBLIC
State of Texas
Comm. Exp. 04-27-2015

_____
NOTARY PUBLIC in and for the State of TEXAS

5/16/2014 4:10:48 PM
Amalia Rodriguez-Mendoza
District Clerk
Travis County
D-1-GN-14-001121

CAUSE NO. D-1-GN-14-001121

| | | |
|---|---|---|
| TIMOTHY DONAHUE, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| TOKYO ELECTRON AMERICA, INC., | § | |
| TOKYO ELECTRON US HOLDINGS, INC., | § | |
| | § | |
| Defendants. | § | 419TH JUDICIAL DISTRICT |

## DEFENDANTS' ORIGINAL ANSWER

Defendants Tokyo Electron America, Inc. and Tokyo Electron US Holdings, Inc. (together, Defendants) file their Original Answer to Plaintiff Timothy Donahue's Original Petition.

## I.
### GENERAL DENIAL

1. As authorized by Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny all the matters pled by Donahue and ask the court to require Donahue to prove his charges and allegations by a preponderance of the evidence as required by the Constitution and laws of the State of Texas. TEX. R. CIV. P. 92.

## II.
### DEFENSES

Defendants state the following defenses but do not assume the burden of proof on any defense except as required by applicable law.

1. Defendants affirmatively plead that Donahue has failed to mitigate his damages, or, to the extent he has mitigated damages, that they are entitled to a credit and offset for all amounts Donahue has earned or been paid from any source subsequent to his separation of employment.

2.     Defendants affirmatively plead that they did not act with malice or any other state of mind that would authorize an award of exemplary damages, and that any claim by Donahue for punitive or exemplary damages is barred by Defendants' good-faith efforts to comply with the law.

3.     Defendants affirmatively plead that all decisions relating to the employment of Donahue were made in good faith and based on legitimate, non-discriminatory, and reasonable business reasons other than those prohibited by law.

4.     Defendants affirmatively plead all statutory limitations on damages, including those set forth in Texas Labor Code § 21.2585.

5.     Donahue has failed to meet the administrative prerequisites necessary to file some or all of the claims contained in the Petition.

6.     Donahue has failed to timely file and/or serve this action within statutory prerequisites.

7.     Donahue's lawsuit and alleged damages are barred and/or limited by the after-acquired evidence doctrine.

Defendants reserve the right to amend this Answer to include additional affirmative defenses.

### III.
### REQUEST FOR RELIEF

Defendants request that Plaintiff's Original Petition and other related pleadings in this matter be dismissed in their entirety; that Plaintiff takes nothing against Defendants; and for such further relief, at law and in equity, to which Defendants may be justly entitled.

Respectfully submitted, this 16th day of May, 2014.

2

Respectfully submitted,


  /s/ Michael W. Fox
Michael W. Fox
Texas State Bar No. 07335500
michael.fox@ogletreedeakins.com
Daniel A. Verrett
Texas State Bar No. 24075220
daniel.verrett@ogletreedeakins.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
301 Congress Avenue, Suite 1150
Austin, Texas  78701
512.344.4700
512.344.4701 facsimile
**ATTORNEYS FOR DEFENDANTS**


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this day served, via certified mail and facsimile, a true and correct copy of the foregoing to:

John F. Melton
MELTON & KUMLER, L.L.P.
2705 Bee Cave Road, Suite 220
Austin, Texas 78746
(512) 330-0067 (fax)


SO CERTIFIED, this the 16th day of May, 2014.


  /s/ Michael W. Fox
Michael W. Fox/Daniel A. Verrett

CAUSE NO. D-1-GN-14-001121

| | | |
|---|---|---|
| TIMOTHY DONAHUE, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| TOKYO ELECTRON AMERICA, INC., | § | |
| TOKYO ELECTRON US HOLDINGS, INC., | § | |
| | § | |
| Defendants. | § | 419TH JUDICIAL DISTRICT |

## DEFENDANTS' FIRST AMENDED ANSWER AND COUNTERCLAIMS

Defendants Tokyo Electron America, Inc. and Tokyo Electron US Holdings, Inc. (together, Defendants) file their First Amended Answer and Counterclaims to Plaintiff Timothy Donahue's Original Petition.

## I.
### GENERAL DENIAL

1.     As authorized by Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny all the matters pled by Donahue and ask the court to require Donahue to prove his charges and allegations by a preponderance of the evidence as required by the Constitution and laws of the State of Texas.  TEX. R. CIV. P. 92.

## II.
### DEFENSES

Defendants state the following defenses but do not assume the burden of proof on any defense except as required by applicable law.

1.     Defendants affirmatively plead that Donahue has failed to mitigate his damages, or, to the extent he has mitigated damages, that they are entitled to a credit and offset for all amounts Donahue has earned or been paid from any source subsequent to his separation of employment.

2.     Defendants affirmatively plead that they did not act with malice or any other state of mind that would authorize an award of exemplary damages, and that any claim by Donahue for punitive or exemplary damages is barred by Defendants' good-faith efforts to comply with the law.

3.     Defendants affirmatively plead that all decisions relating to the employment of Donahue were made in good faith and based on legitimate, non-discriminatory, and reasonable business reasons other than those prohibited by law.

4.     Defendants affirmatively plead all statutory limitations on damages, including those set forth in Texas Labor Code § 21.2585.

5.     Donahue has failed to meet the administrative prerequisites necessary to file some or all of the claims contained in the Petition.

6.     Donahue has failed to timely file and/or serve this action within statutory prerequisites.

7.     Donahue's lawsuit and alleged damages are barred and/or limited by the after-acquired evidence doctrine.

Defendants reserve the right to amend this Answer to include additional affirmative defenses.

### III.
#### COUNTERCLAIMS

#### FACTS

8.     Donahue is a former Media Producer for Tokyo Electron America, Inc. ("TEA"). On April 3, 2013, Donahue was placed on a sixty-day Performance Improvement Plan ("PIP"). As a Media Producer, Donahue was responsible for, among other things, creating audiovisual

productions.  During the PIP period, Donahue's behavior and performance did not improve and, in some areas, worsened.  He was therefore terminated on June 3, 2013.

9.      While employed by TEA, Donahue signed an "Agreement for Confidential Information and Intellectual Property," dated September 16, 1996 (the "Confidentiality Agreement").  *See* Exhibit 1.   In the Confidentiality Agreement, Donahue promised not to disclose any "Information" to "any person, firm, or corporation."  "Information" was defined as "all information, tangible or intangible, which is secret, confidential or proprietary in nature and which concerns business or affairs of [TEA], its customers or suppliers, including, but not limited to, inventions, know-how, technical and business information and data, products, processes, developments and plans."

10.     In the Confidentiality Agreement, Donahue assigned TEA "all the right, title and interest in and to all inventions, improvements, discoveries, or technical developments" that Donahue, solely or jointly with others, conceived during his employment with TEA.

11.     At the conclusion of his employment with TEA, on June 3, 2013, Donahue signed an Employee Termination Certification ("Certification").  *See* Exhibit 2. In the Certification, Donahue certified that he had either destroyed or returned all "Confidential Information" and copies of the same, "all documents or materials regardless of media," and "other property belonging to Tokyo Electron US Holdings, Inc., its subsidiaries and related affiliates."   In the Certification, Donahue also certified that he had complied and would continue to comply with the terms and conditions of the Confidentiality Agreement.  Donahue also promised to "preserve as confidential and not to disclose to any third party or use any and all Confidential Information of [Tokyo Electron US Holdings, Inc., its subsidiaries and related affiliates] (existing, potential or future)."  Under the Certification, "Confidential Information includes, without limitation, any

3

and all information of [Tokyo Electron US Holdings, Inc., its subsidiaries and related affiliates] concerning (i) methods, processes, formulas, trade secrets, procedures, innovations, inventions, discoveries, improvements, research or development and test results, specifications, data, know-how, computer programs, software, electronic codes, mask works, inventions, innovations, patents, patent applications, formats, formulas and all improvements, know-how, data, rights, and claims related to the foregoing; (ii) marketing plans, business plans, strategies, forecasts, unpublished financial information, budgets, projections, product plans and pricing; (iii) personnel information, including organizational structure, salary, and qualifications of employees; and (iv) customer and supplier information, including identities and characteristics, product sales and purchase history or forecasts, and agreements."

12.    Within Defendants' HR Policy and Procedure Guidelines is Defendants' Computer Hardware and Software Security Policy (the "Software Policy"), which states in part:

> Company Developed Software. Computer software developed by employees or contract personnel on behalf of the Company, or purchased for the use of the Company, is Company property and may not be distributed to outsiders unless authorized in writing by the Director of Management Information Systems.

Violations of the Software Policy subject the violator to discipline, including immediate termination.

13.    Within Defendants' Code of Ethics is Defendants' Prohibition of the Improper Use of Company Assets, which states:

> TEL's facilities, equipment, tools, materials, office supplies, and so on are to be used for the performance of the company's business. TEL board members and employees need to be aware that if these items are used for any other purpose, wasted, or removed from company facilities without permission it constitutes improper use and in some instances may even constitute criminal conduct.

> The prohibition against improper use is not limited to the above-mentioned tangible items, and also includes TEL's intangible assets such as software, internal information, customer information, and data concerning market shares and so on. For example,

installing on a home PC a copy of software that the company purchased or using a company PC for personal purposes are clear cases of improper usage of company assets, and TEL board members and employees must not conduct such improper usage.

14.     Despite the Confidentiality Agreement, Certification, Software Policy, and Code of Ethics, Donahue improperly and without authorization or consent, accessed, retained, and displayed approximately sixteen (16) confidential and proprietary Tokyo Electron videos ("Videos") on his personal website, http://tsdonahue.com ("Website").  The Website was made available to the general public.  Upon belief, the Videos were displayed on the Website for an extended period of time, possibly six months or more.

15.     The Videos included:

     a.  TEL Career Center Video

     b.  TEL Bottle Cap Upgrade Kit Commercial

     c.  TEL Bottle Cap Upgrade Kit Commercial (Japanese Version)

     d.  TEL Certified Used Equipment Commercial (English Version)

     e.  TEL Certified Used Equipment Commercial (Japanese Version)

     f.  IC Cup Commercial

     g.  TEL eMetrics Commercial

     h.  PS4100Z Commercial

     i.  TEL US Career Center Video

     j.  3Di Video

     k.  DSA Video

     l.  Destinations

     m.  Journey to Excellence (JTE)

     n.  Larry Smith—Introduces Core Values

     o.  Barry Mayer—Welcome to TEL Destinations Introduction Video

p. TKMS – Completing an Online Quote Request Form

16.     The following Videos are not publicly accessible nor have Defendants displayed them publically: (a) TEL Bottle Cap Upgrade Kit Commercial; (b)TEL Bottle Cap Upgrade Kit Commercial (Japanese Version); (c) IC Cup Commercial; (d) PS4100Z Commercial; (e) Destinations; (f) Larry Smith—Introduces Core Values; (g) Barry Mayer—Welcome to TEL Destinations Introduction Video; (h) TKMS – Completing an Online Quote Request Form  (the "Trade Secret Videos").

17.     The Trade Secret Videos contain confidential and proprietary information in the form of, among other things, customer information, descriptions of and training regarding proprietary business processes, proprietary employee onboarding processes, and web based training to educate customers regarding Defendants' online customer ordering software.

18.     Tokyo Electron America, Inc. registered the following videos with the U.S. Copyright Office: (a) TEL Bottle Cap Upgrade Kit Commercial;[1] (b) TEL Bottle Cap Upgrade Kit Commercial (Japanese Version);[2] (c) TEL Certified Used Equipment Commercial (English Version);[3] (d); IC Cup Commercial;[4] (e) PS4100Z Commercial;[5] (f) Barry Mayer—Welcome to TEL Destinations Introduction Video;[6] and (g) TKMS – Completing an Online Quote Request Form[7] (the "Copyright Videos").

19.     Upon information and belief, Donahue has since segmented the Website into a public version and a version reserved solely for Website "members."

---

[1] Copyright number PAu003726955.
[2] Copyright number PAu003726937.
[3] Copyright number PAu003726953.
[4] Copyright number PAu003726940.
[5] Copyright number PAu003726936.
[6] Copyright number PAu003726941.
[7] Copyright number PAu003726950.

## CAUSES OF ACTION

### COUNT 1: COPYRIGHT INFRINGEMENT, 17 U.S.C. § 101, ET SEQ. BY TEA

20.     Tokyo Electron America, Inc. realleges and incorporates by reference the allegations made in the above paragraphs.

21.     The Copyright Videos are TEA's original works of authorship and are registered with the U.S. Copyright Office.  The Copyright Videos are fixed in a tangible medium of expression, namely as an audiovisual work.

22.     Donahue infringed on TEA's copyrights by distributing, using, reproducing, and/or publicly displaying the Copyright Videos to the general public through the Website.

23.     As a proximate result of Donahue's copyright infringement, TEA has and will continue to suffer injury.

24.     TEA is entitled to damages and profits in accordance with 17 U.S.C. § 504 and other applicable law due to Donahue's infringement of TEA's copyright-protected interest in its Copyright Videos.

25.     TEA is entitled to costs and attorneys' fees in accordance with 17 U.S.C. § 505 and other applicable law on account of Donahue's infringement of TEA's copyright-protected interest in its Copyright Videos.

26.     Donahue knowingly and willfully infringed on TEA's copyright-protected interest in its Copyright Videos.

27.     Donahue's infringement of TEA's copyright-protected interest in its Copyright Videos is believed to be continuing and ongoing, subjecting TEA to irreparable harm, for which TEA does not have an adequate remedy at law.

28.     In view of the foregoing, TEA is entitled to injunctive and other equitable relief in accordance with 17 U.S.C. § 502 and other applicable law on account of Donahue's continuing infringement of TEA's copyright-protected interest in its Copyright Videos, including without limitation an injunction ordering the Defendants to remove the videos from the Website, including from the portion of the Website reserved for "members."

### COUNT 2: COMPUTER FRAUD UNDER THE COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030

29.     Defendants reallege and incorporate by reference the allegations made in the above paragraphs.

30.     Donahue accessed, without authority or exceeding his authority, Defendants' computer network, which is used in interstate commerce.   Donahue downloaded from Defendants' computer network Videos containing confidential and proprietary information, and later reposted them on his publicly accessible Website.

31.     Donahue's actions were in violation of his Confidentiality Agreement, Certification, and Defendants' Software Policy and Code of Ethics.  Further, the Trade Secret Video's information integrity was damaged when Donahue compromised the information's protected state.

32.     Donahue's actions caused Defendants damages for lost business, loss of good will, and the loss of integrity of Defendants' trade secrets in an amount in excess of $5,000 to be determined at trial, including but not limited to the amount of money incurred and to be incurred in connection with the investigation and forensics examination in uncovering Donahue's unlawful actions and the prorated wages of the employees charged with investigating Donahue's unlawful actions.

33.     As a direct and proximate result, Defendants have suffered damage, irreparable harm and economic loss, together with interest and costs, and will continue to suffer damage and economic loss, in an amount to be determined at trial.

### COUNT 3: BREACH OF CONTRACT WITH TEA

34.     TEA realleges and incorporates by reference the allegations made in the above paragraphs.

35.     The Confidentiality Agreement—attached as Exhibit 1—between Donahue and TEA is a valid and enforceable agreement.

36.     Donahue breached the Confidentiality Agreement by disclosing to the general public, by way of his Website, the contents of the Videos.

37.     Donahue's breach of the Confidentiality Agreement has injured TEA, including, but not limited to, lost business, loss of good will, and the loss of integrity of TEA and its affiliates' trade secrets and confidential and proprietary information.

### COUNT 4: CIVIL CAUSE OF ACTION FOR BREACH OF COMPUTER SECURITY CRIMES – TEX. CIV. PRAC. REM. CODE CHAPTER 143

38.     Defendants reallege and incorporate by reference the allegations made in the above paragraphs.

39.     Donahue knowingly accessed Defendants' computer network and/or computer system to access, store, and publicly display confidential and proprietary information to non-employees.

40.     Donahue did not have the effective consent of Defendants to access Defendants' computer network and/or computer system for the purpose of storing and ultimately publicly displaying its confidential and proprietary Videos.

9

41.     This conduct constitutes a violation of Chapter 33 of the Texas Penal Code. Donahue's actions were carried out knowingly and intentionally.

## COUNT 5: MISAPPROPRIATION UNDER THE TEXAS UNIFORM TRADE SECRETS ACT (TUTSA); TEX. CIV. PRAC. REM. CODE CHAPTER 134A

42.     Defendants reallege and incorporate by reference the allegations made in the above paragraphs.

43.     The Trade Secret Videos constitute trade secrets under TUTSA because Defendants took reasonable efforts to keep the Videos secret and the Videos have an actual or potential independent economic value to third parties because their content is unknown and not readily ascertainable by proper means.

44.     Donahue acquired the Trade Secret Videos under circumstances giving rise to a duty to maintain the secrecy of or to limit the use of the Trade Secret Videos.  Donahue acquired the Trade Secret Videos by and with knowledge of improper means by breaching his Confidentiality Agreement and Certification and violating Defendants' Software Policy and Code of Ethics.   Donahue willfully and maliciously disclosed the Trade Secret Videos to the general public without the express or implied consent of Defendants.

45.     As a direct and proximate result, Donahue was unjustly enriched and Defendants have suffered irreparable damages and economic loss, together with interest and costs, and will continue to suffer damage and economic loss, in an amount to be determined at trial.

## IV.
## REQUEST FOR RELIEF

Defendants, as Counter-plaintiffs, pray for the following relief on their counterclaims:

46.     That Donahue, his agents and all those acting in concert with him be enjoined from infringing on the copyrights of TEA in any manner, and from utilizing, copying, distributing, publishing, selling, or marketing any copies of the Copyright Videos;

47.     That Donahue, his agents and all those acting in concert with him be enjoined from utilizing, copying, distributing, publishing, selling, or marketing any copies of the Trademark Videos;

48.     That Donahue be required to remove all Videos from the Website, including from the portion of the website reserved for "Members;"

49.     That Defendants recover actual damages; exemplary damages; pre-and post-judgment interest; attorneys' fees and costs of court; and any other relief to which they may be entitled.

## V.
### PRAYER

Defendants request that Plaintiff's Original Petition and other related pleadings in this matter be dismissed in their entirety; that Plaintiff takes nothing against Defendants; that Defendants be awarded their damages and reasonable attorneys' fees and court costs; and for such further relief, at law and in equity, to which Defendants may be justly entitled.

Respectfully submitted, this 16th day of June, 2014.

Respectfully submitted,

/s/ Michael W. Fox
Michael W. Fox
Texas State Bar No. 07335500
michael.fox@ogletreedeakins.com
Daniel A. Verrett
Texas State Bar No. 24075220
daniel.verrett@ogletreedeakins.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
301 Congress Avenue, Suite 1150
Austin, Texas  78701
512.344.4700
512.344.4701 facsimile
**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this day served, via certified mail and facsimile, a true and correct copy of the foregoing to:

John F. Melton
MELTON & KUMLER, L.L.P.
2705 Bee Cave Road, Suite 220
Austin, Texas 78746
(512) 330-0067 (fax)

SO CERTIFIED, this the 16th day of June, 2014.

 /s/ Michael W. Fox
Michael W. Fox/Daniel A. Verrett

12

# Exhibit 1

## Employee Confidential Information Non-Disclosure Agreement

In consideration of employment with Tokyo Electron America, Inc. ("TEA"):

1.  Non-Disclosure

    a)   The undersigned employee ("Employee") will not disclose to anyone outside of TEA, or use in other than TEA's business, either directly or indirectly, any Confidential Information (as hereinafter defined) either during or after Employee's TEA employment, except with TEA's prior written permission.

    b)   Employee understands that his/her legal obligations not to use or disclose Confidential Information of TEA remain in effect after the termination of Employee's employment with TEA and that if, at any time in the future, Employee wishes to disclose or use Confidential Information or if Employee should be in doubt as to whether any information may be Confidential Information, Employee will, prior to any disclosure or use, obtain written permission from TEA to do so. Employee further understands that such permission may be refused if TEA, in its sole discretion believes that the information proposed to be used or disclosed is Confidential Information.

2.  Confidential Information . "Confidential Information" means any information of TEA or its affiliates (including, without limitation, Tokyo Electron Limited) or of TEA's customers and their affiliates, whether oral or written, that is not generally known outside of the disclosing parties' organization, including but not limited to information relating to its financial condition, contracts, business, business practices, officers, directors, employees, products, product development, research, business operations, business plans (including but not limited to sales and marketing plans), customer lists, prices and pricing methods, trade secrets, distribution, manufacturing and production data, techniques and process information and other material data of any kind, nature, or description, together with analyses, compilations, studies or other documents disclosed through any means from TEA to Employee before or after date hereof, either directly or indirectly. Confidential Information shall not, however, include (i) information that is or becomes generally available to the public other than as a result of a disclosure by Employee in violation of this Agreement; or (ii) information that becomes available to Employee on a nonconfidential basis from a source other than TEA or its representatives, provided such source is not bound by a confidentiality agreement with TEA or its affiliates or otherwise prohibited from transmitting the information by a contractual, legal or fiduciary duty. In addition, nothing herein shall prevent Employee from disclosing Confidential Information to the extent Employee is required to do so by court order or other judicial process, so long as Employee notifies TEA in writing promptly upon learning that disclosure will be required and, if TEA elects to contest such disclosure, Employee cooperates with TEA in preventing such disclosure.

3.  Return of Confidential Information.  Upon termination of employment or upon request of TEA, Employee shall promptly return to TEA all Confidential Information within his/her possession and will not retain any copies, extracts, or other reproductions in whole or in part of such written materials.

4.  <u>Definition of Affiliates</u>. As used in this Agreement, the term "affiliate" shall have the meaning given that term in the Rules and Regulations of the Securities and Exchange Commission under the Securities Act of 1993, as amended, and shall further include all present and future affiliates of the parties, or any other entity referred to herein.

5.  <u>Remedies</u>. Employee understands and agrees that (a) the remedies at law for his/her violation of any of the covenants or provisions of this Agreement will be inadequate, (b) such violations will cause irreparable injury to TEA and its affiliates within a short period of time, (c) TEA and its affiliates shall be entitled to specific performance and to preliminary and permanent injunctive relief against such violation without the necessity of proving such damages, and (d) neither TEA nor its affiliates shall be required to grant any security or post any bond in connection with such remedies, any requirements for same being hereby waived. Such specific performance and injunctive relief shall be in addition to, and in no way in limitation of, any and all other remedies that TEA shall have at law and in equity for the enforcement of the covenants and provisions of this Agreement.

6.  <u>Miscellaneous</u>. This Agreement shall be governed by the laws of the State of Texas, excluding choice of law and conflict of law principles. This Agreement supersedes any contemporaneous or previous oral or written communications, representations, understandings, or agreements with TEA or any official or representative thereof, on the subject matter herein. This Agreement is binding upon and shall inure to the benefit of the parties hereto and their respective heirs, legal representatives, successors and assigns. If any provision of this Agreement is determined to be invalid or unenforceable by final judgment of a court of competent jurisdiction, it shall not effect the remainder of this Agreement, but shall be automatically modified to the minimum extent necessary to render it valid and enforceable. This Agreement shall not be construed strictly against either party and both parties agree to use their good faith efforts to carry out the purposes and intent of this Agreement. <u>Employee acknowledges receipt of a copy of this Agreement and that Employee has been given sufficient time to review and consider the provisions of this Agreement.</u>

Executed this _28_ day of _MAY_, 199**6**

EMPLOYEE

TOKYO ELECTRON AMERICA, INC.

Print Name: _TIMOTHY M. DONAHUE_

Barry R. Mayer
Vice President, Administration

MᴜᴛT BE RETURNED TO
HR WITHIN 48 HOURS
OF DATE RECEIVED.
DATE FORWARDED: 9-13-96

**AGREEMENT**

**FOR**

**CONFIDENTIAL INFORMATION AND INTELLECTUAL PROPERTY**

This Agreement made and entered into this __16ᵀᴴ__ day of __SEPTEMBER__, 199_6_ , by and between TOKYO ELECTRON AMERICA, INC., having principal office at 2400 Grove Blvd., Austin, Texas 78741, U.S.A. (hereinafter referred to as TEA) and __TIMOTHY M. DONAHUE__, an employee of TEA residing at __4411 SPICEWOOD SPRINGS RD. APT. 1606   AUSTIN, TX  78759__ (hereinafter referred to as Employee) with respect to Employee's obligations under Employment Agreement between TEA and Employee dated __9/16/96__ (hereinafter referred to as Employment Agreement).

In consideration of the mutual covenants contained herein, the parties agree as follows:

**1.     DEFINITIONS**

(a)     "Company" means TEA, its subsidiaries, its parent company TOKYO ELECTRON LIMITED, and any other companies in which TOKYO ELECTRON LIMITED now or hereafter owns more than twenty percent of the outstanding shares of common stock.

(b)     "Information" means all information, tangible or intangible, which is secret, confidential or proprietary in nature and which concerns business or affairs of Company, its customers or suppliers, including, but not limited to, inventions, know-how, technical and business information and data, products, processes, developments and plans.

(c)     "Employment" means the employment of Employee by TEA.

**2.     CONFIDENTIALITY**

Employee hereby acknowledges and agrees that the Information is the proprietary right and trade secret of Company.   During the Employment and thereafter, Employee shall treat the Information as confidential. Employee shall not disclose the Information to any person, firm or corporation.   The foregoing confidential obligation of Employee shall not be applicable to the Information which is, or hereafter will become, generally available to the public through no fault of Employee.   Employee also agrees to treat all U.S. Government classified information and other foreign country material in the manner specified by applicable government regulations.

- 1 -

3.    **TANGIBLE ITEMS**

Employee agrees that all documents, computer memories and other tangible items, including any copies thereof, containing the Information which shall come into Employee's custody or possession ("Tangible Items") shall be and are the exclusive property of Company. Employee shall use the Tangible Items only in the performance of Company duties and shall deliver the Tangible Items to Company upon termination of the Employment.

4.    **ASSIGNMENT AND COOPERATION**

(a)    Employee hereby assigns to Company all the right, title and interest in and to all inventions, improvements, discoveries or technical developments, whether or not patentable, which Employee, solely or jointly with others, may conceive or reduce to practice during the Employment and (i) which relate to present or prospective activities of Company with which Employee becomes acquainted during the Employment, or (ii) which are conceived or first actually reduced to practice (1) in the utilization by Company of Employee's services in a technical or professional capacity in the areas of the research, development, marketing, management, engineering or manufacturing, (2) pursuant to any project of which Employee is a participant or member and such project is either financed or directed by Company, or (3) at Company's expense, in whole or in part.

(b)    Employee shall promptly disclose to and cooperate with Company, during the Employment and thereafter, with respect to the assignment of intellectual property, the procurement, establishment and maintenance of Company's rights and interests in said inventions, improvements, discoveries or developments throughout the world. Employee shall sign all papers which Company may deem necessary or desirable for the purpose of vesting Company with such rights. The expense required for above cooperation shall be borne by Company. In the event that Company takes any action or is a party to any proceedings with any third parties in connection with such rights anywhere in the world, even after the Employment, Employee shall cooperate with Company, on its request and at its expense, to settle or prosecute such actions and proceedings.

(c)    The Paragraphs (a) and (b) of this Article shall not apply to any inventions, improvements, discoveries and developments for which no Information, Tangible Items, equipment, supplies or facility of Company was used and which were conceived or reduced to practice by Employee entirely on Employee's own time, and (i) which do not relate (1) to the business of Company or (2) to Company's actual or demonstrably anticipated research or development, or (ii) which do not result from any work performed by Employee for Company.

5.    **INFORMATION OF OTHER COMPANY**

Employee agrees not to disclose to Company any confidential information of any previous employer with which Employee has worked before the Employment. Employee shall not use any confidential information of any

- 2 -

previous employer in the performance of Employee's work for Company. Employee agrees to immediately notify Company if circumstances should arise which would cause Employee to use any confidential information of any previous employer in the performance of Employee's work for Company.

**6.     RECORDS**

Employee agrees to make records of the detail of Employee's daily work at or for Company in an authorized Inventor's Notebooks supplied and kept by Company. Inventor's Notebooks shall be the property of Company and their contents shall be considered the Information. The employees and others authorized by Company will be given access to Inventor's Notebooks when necessary.

**7.     FILE APPLICATION**

If, during the Employment or two years thereafter, an application for an intellectual property right is filed by or for Employee anywhere in the world and the subject matter thereof is related to present or prospective activities of Company, or of any supplier or customer of Company, the subject matter covered by the application shall be presumed to have been conceived during the Employment.

**8.     MISCELLANEOUS**

(a)     Assignment

This Agreement is not assignalble or transferable by Employee, in whole or in part, except with the written consent of TEA.

(b)     Notices

Any notices provided for under this Agreement shall be deemed effective when delivered in person or three (3) days after deposit in the mails by registered or certified first class mail postage prepaid and addressed to the respective address listed in the introduction of this Agreement, or to such different address as either party may designate in writing to the other party.

(c)     Disclaimer of Agency

This Agreement shall not constitute Employee the legal representative or agent of Company, nor shall Employee have the right or authority to assume, create or incur any liability or any obligation of any kind, expressed or implied, against or in the name of or on behalf of Company.

(d)     Modifications

No modification or amendment of this Agreement or any associated agreement, and no waiver of any of the terms or conditions hereof or thereof, shall be valid or binding unless made in writing duly executed by both parties.

(e)     Entire Agreement

- 3 -

This Agreement and related agreements executed concurrently herewith supersede all negotiations, commitments and writings prior to the date hereof pertaining to the subject matter of this Agreement and such related agreements.

(f)       Separability

In case any one or more of the provisions, or portions of provisions, of this Agreement shall be deemed by any governmental authority to be invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions, or portions of provisions, contained herein shall not be in any way affected or impaired thereby.

This agreement should not be deemed or construed to be an employment contract, either expressed or implied, between TEA and you.  It is understood that employment at TEA is "at will."  This means either you or TEA may terminate the employment relationship for any reason at any time "other than for a reason expressly prohibited by law."

IN WITNESS WHEREOF, the parties hereto have executed this Agreement the day and year first above set forth.

TOKYO ELECTRON AMERICA, INC.        EMPLOYEE

Barry R. Mayer                      Sign:  _Timothy M. Donahue_
Vice President, Administration       Print Name:  _TIMOTHY M. DONAHUE_
                                     Date:  _9/16/96_

- 4 -

# Exhibit 2



Tokyo Electron US Holdings, Inc.

## Employee Termination Certification

### Company Copy

| Employee Name | Employee ID No. | Termination Date |
|---|---|---|
| Tim Donahue | 967068 | 06/03/13 |

This is to certify that I do not have in my possession, and have either destroyed or returned all Confidential Information (as defined below) and copies of such information, and all other documents or materials regardless of media (electronic, computer disks, paper, etc.), and other property belonging to Tokyo Electron US Holdings, Inc., it's subsidiaries and related affiliates (collectively "TEL US").

I further certify I have complied with and will continue to comply with all the terms and conditions of the Confidential Information and Intellectual Property Agreement, to preserve as confidential and not to disclose to any third party or use any and all Confidential Information of TEL US (existing, potential or future). Confidential Information includes, without limitation, any and all information of TEL US concerning (i) methods, processes, formulas, trade secrets, procedures, innovations, inventions, discoveries, improvements, research or development and test results, specifications, data, know-how, computer programs, software, electronic codes, mask works, inventions, innovations, patents, patent applications, formats, formulas and all improvements, know-how, data, rights, and claims related to the foregoing; (ii) marketing plans, business plans, strategies, forecasts, unpublished financial information, budgets, projections, product plans and pricing; (iii) personnel information, including organizational structure, salary, and qualifications of employees; and (iv) customer and supplier information, including identities and characteristics, product sales and purchase history or forecasts, and agreements.

I understand that for purposes of this Employee Termination Certificate that Confidential Information is to be broadly defined, and includes all information that has or could have commercial value or other utility in the business in which TEL US is engaged or contemplates engaging, and all information of which the unauthorized disclosure could be detrimental to the interests of TEL US, whether or not such information is identified as Confidential Information by TEL US.

I also understand this Confidential Information includes not only information disclosed by TEL US to me, but also information developed or learned by me during the course of my employment with TEL US.

I acknowledge that I: (i) read and understand this Employee Termination Certificate; (ii) am fully aware of its legal effect; and (iii) have entered into it freely and voluntarily and based on my own judgment and not on any representations or promises other than those contained in this Employee Termination Certificate.

This Employee Termination Certificate constitutes the entire agreement between me and TEL US regarding its subject matter, and supersedes any previous or contemporaneous agreements, whether oral or written. No modification to this Employee Termination Certificate shall be binding on either TEL US or me unless such modification is in writing and is signed by an authorized representative of either TEL US or myself.

_____
Employee Signature

_____6/3/2013_____
Date

5

**Green, Christel  R.**

| | |
|---|---|
| **From:** | No-Reply@eFileTexas.gov |
| **Sent:** | Monday, June 16, 2014 2:21 PM |
| **To:** | Haun, Ashley E. |
| **Subject:** | Submitted Filing Notification for Case/Envelope D-1-GN-14-001121  () |

This is a submitted filing notification for Case/Envelope: D-1-GN-14-001121 ()

Date Submitted: 6/16/2014 2:19:58 PM
Filing Code: Counter Claim/Intervention/Third Party
Filing Type: EFile

Do not reply to this email. This message was automatically generated by eFileTexas.gov.
If you need technical assistance, please contact your <u>eFiling Service Provider</u>.