IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TIMOTHY DONAHUE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:14-cv-00563-SS |
| | § | |
| TOKYO ELECTRON AMERICA, INC., | § | |
| TOKYO ELECTRON US HOLDINGS, INC., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT'S  RULE 56(D) MOTION TO DENY PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Prior to any discovery being permissibly conducted under the Federal Rules, Plaintiff and Counter-Defendant Timothy Donahue filed a motion for partial summary judgment on Tokyo Electron America, Inc.'s (TEA) copyright infringement counterclaim.  Donahue admits to infringing the copyrights but seeks dispositive relief on the basis that TEA does not currently have evidence of damages.  Because the discovery period in this case has yet to begin, TEA requests that the Court deny Donahue's motion for summary judgment under Federal Rule of Civil Procedure 56(d).

**A.     The discovery period is this case has yet to begin.**

Under Federal Rule of Civil Procedure 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."  FED. R. CIV. P. 26(d)(1).  The 26(f) conference is required at least 21 days before the scheduling order is due, which was set by the Court as August 15, 2014.  Dkt. 7; FED. R. CIV. P. 26(f)(1).  Therefore, the 26(f) conference is required by July 25, 2014.  Because this conference has not yet occurred, the discovery period has not yet begun.  *See* Exhibit A.

**B.     Discovery is necessary to establish that TEA suffered damages as a result of Donahue's admitted copyright infringement.**

Under Rule 56(d), the Court may deny a motion for summary judgment if a "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." FED. R. CIV. P. 56(d)(1).  "[Rule 56(d)] motions are broadly favored and should be liberally granted." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006). Since discovery has yet to begin, TEA requires discovery to determine, among other things:

1.  How long the Copyright Videos[1] were posted on Donahue's publically accessible website (the "Website").

2.  Who accessed the Copyright Videos on the Website.

3.  How the individuals or entities identified in number 2 utilized the Copyright Videos accessed from the Website.

4.  Whether—and to whom—Donahue displayed the Videos in any manner other than through the Website.

5.  How the individuals or entities identified in number 4 utilized the Copyright Videos.

6.  How Donahue described his role in the production of the Copyright Videos to the individuals or entities that viewed them.[2]

7.  Whether Donahue was ever compensated for displaying the Copyright Videos.[3]

TEA needs this information to determine the existence and extent of damages attributable to the infringement.  It is not difficult to conjure situations where Donahue's willful infringement caused significant actual damages to TEA.  But without discovery, TEA cannot present evidence

---

[1] As defined in Dkt. 1-1, p. 16.

[2] This is relevant to TEA's loss of reputation as a result of the infringement. *See, e.g., Atl. Monthly Co. v. Post Pub. Co.*, 27 F.2d 556, 560 (D. Mass. 1928) ("The premature publication undoubtedly impaired confidence in the plaintiff's ability to protect its releases to the press, and in other ways caused it substantial damages. The amount of them is not easy to state, but I am satisfied that they were as much as $10,000.").

[3] *Donald A. Gardner Architects, Inc. v. Cambridge Builders, Inc.*, 803 F. Supp. 2d 373, 379 (E.D.N.C. 2011) ("Indeed, both § 504(a) and (b) expressly authorize the recovery of the profits attributable to the infringement in addition to the recovery of the copyright holder's actual damages.").

of the damages it has sustained.  For example, if 500 individuals or entities downloaded the Copyright Videos from Donahue's website and if any one of those individuals or entities used the information in a manner that gave it a competitive edge over TEA, TEA may have lost business as a result.[4]  Or, assume that the public disclosure of client sensitive data in one of the Copyright Videos made its way back to the client, caused a loss of confidence in TEA's ability to maintain client confidences, and ultimately resulted in a loss of business from that client. Without knowing who downloaded which Copyright Videos and by whom, TEA is unable to discover the resulting damages.  *See* Exhibit A.

In sum, Donahue admits to infringing on TEA's copyrights but asks the Court to dismiss the claims before TEA has been afforded *any discovery* pertinent to copyright infringement.[5] Without that discovery, TEA cannot respond to Plaintiff's Motion for Partial Summary Judgment.  Therefore, pursuant to Federal Rule of Civil Procedure 56(d), TEA requests that the Court deny Donahue's Motion for Partial Summary Judgment and allow discovery to proceed as planned.[6]

## CONCLUSION

For these reasons, Defendant Tokyo Electron America, Inc. requests that Plaintiff's Motion for Partial Summary Judgment be denied and that it be afforded any other relief that it is entitled.

---

[4] *McRoberts Software, Inc. v. Media 100, Inc.*, 329 F.3d 557, 566 (7th Cir. 2003) ("Actual damages are usually determined by the loss in the fair market value of the copyright, measured by the profits lost due to the infringement or by the value of the use of the copyrighted work to the infringer.").

[5] Defendants previously served discovery in state court pertaining to Plaintiff's claims only.  They later asserted counterclaims and removed on the same day. Dkts. 1, 1-1.  Because Rule 26(d)(1) prohibits discovery prior to the Rule 26(f) conference, Defendants have not been afforded any discovery on their counterclaims.

[6] By filing of this motion and invoking the authority of the District Court, Donahue waived his challenge to the propriety of removal (Dkt. 5).  *See, e.g.*, *Lanier v. Am. Bd. of Endodontics*, 843 F.2d 901, 904 (6th Cir. 1988) ("It is settled that when a party undertakes affirmative action in the federal district court, she has acquiesced in the federal court's jurisdiction and waived objection to the removal.").

3

Respectfully submitted,

 /s/ Daniel A. Verrett
Michael W. Fox
Texas State Bar No. 07335500
michael.fox@ogletreedeakins.com
Daniel A. Verrett
Texas State Bar No. 24075220
daniel.verrett@ogletreedeakins.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
301 Congress Avenue, Suite 1150
Austin, Texas  78701
512.344.4700
512.344.4701 facsimile

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the above and foregoing pleading will be forwarded by the court's electronic filing system on this the 17th day of July, 2014 to:

John F. Melton
MELTON & KUMLER, L.L.P.
2705 Bee Cave Road, Suite 220
Austin, Texas 78746
(512) 330-0067 (fax)
jmelton@meltonkumler.com


SO CERTIFIED, this the 17th day of July, 2014.


 /s/ Daniel A. Verrett
Michael W. Fox/Daniel A. Verrett

4