# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TIMOTHY DONAHUE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:14-cv-00563-SS |
| | § | |
| TOKYO ELECTRON AMERICA, INC., | § | |
| TOKYO ELECTRON US HOLDINGS, INC., | § | |
| | § | |
| Defendants. | § | |

## DECLARATION OF DANIEL A. VERRETT

BEFORE ME, the undersigned authority, on this day personally appeared Daniel A. Verrett, known to me to be the person whose name is subscribed below and who under oath did state the following:

1.    My name is Daniel A. Verrett. I am over the age of 21 years and am fully competent to make this affidavit. All of the information contained herein is based upon my personal knowledge, which I gained by virtue of my experience as a lawyer. I am an attorney licensed to practice law by the State of Texas. I am one of the attorneys who represent Tokyo Electron America, Inc. ("TEA") in the above-referenced case.

2.    As a result of my representation of TEA in the above-referenced case, I am familiar with the pleadings and orders on file in this matter as well as the status of discovery.

3.    The Rule 26(f) conference has not yet occurred and TEA has not conducted any discovery pertaining to its damages resulting from Plaintiff and Counter-Defendant Timothy Donahue's ("Donahue") copyright infringement.

4.    TEA requires discovery to determine the existence and extent of the damages resulting from Donahue's copyright infringement. This discovery includes, among other things:

   A.  How long the Copyright Videos[1] were posted on Donahue's publically accessible website (the "Website").

   B.  Who accessed the Copyright Videos on the Website.

   C.  How the individuals or entities identified in part B utilized the Copyright Videos accessed from the Website.

---

[1] As defined in Dkt. 1-1, p. 16.

D. Whether—and to whom—Donahue displayed the Videos in any manner other than through the Website.

E. How the individuals or entities identified in part D utilized the Copyright Videos.

F. How Donahue described his role in the production of the Copyright Videos to the individuals or entities that viewed them.

G. Whether Donahue was ever compensated for displaying the Copyright Videos.

5.    Without being permitted any discovery in support of its copyright infringement claim, TEA cannot present facts essential to justifying its opposition to Donahue's Motion for Partial Summary Judgment.

_____
Daniel A. Verrett